United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 29, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 06-31179
Summary Calendar

GREAT AMERICAN ASSURANCE CO.,

Plaintiff-Appellee,

v.

JACK THORSON and CHARLENE THORSON,

Defendants-Appellants.

Appeal from the United States District Court for the
Eastern District of Louisiana
2:05-CV-2195

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

In November, 2002, Jack and Charlene Thorson ("the Thorsons") purchased a thoroughbred racehorse, Kimberlite Pipe, for breeding mares.  They purchased a policy from Great American Assurance Company to insure against death and infertility from November, 2002, to November, 2003 ("Original Policy").  They renewed this policy, with some alterations, providing coverage from November,

---

[*]  Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

2003, to November, 2004 ("Renewal Policy").

After receiving medical reports that Kimberlite Pipe suffered some congenital abnormalities suggesting infertility, the Thorsons filed a claim against Great American in 2004. Great American denied the claim and filed a declaratory action seeking relief from coverage, and the Thorsons counterclaimed arguing that their claim was denied in bad faith. The district court granted summary judgment in favor of Great American, and we AFFIRM that judgment.

We review the district court's summary judgment *de novo*. *Terrebonne Parish Sch. Bd. v. Mobile Oil Corp.*, 310 F.3d 870, 877 (5th Cir. 2002). Summary judgment is appropriate when no genuine issue of material fact exists, and one party is therefore entitled to judgment as a matter of law. *Id*.

It is undisputed that the Thorsons are not covered under the Original Policy. That policy contained a "Stallion First Season Infertility" endorsement ("SFSI"), which protected against infertility due to congenital abnormalities which result "in the failure of the insured stallion to achieve a fertility percentage of 60% or more during its first season at stud." Kimberlite Pipe had a 66% fertility rate during its first season, so the Thorsons had no claim under this provision.

In Kimberlite Pipe's second season at stud, its fertility rate fell below 60%. However, the Renewal Policy applicable to that season did not contain an SFSI, but only an "Accident, Illness,

Disease, Infertility" Endorsement ("AIDI"). As opposed to the SFSI, which explicitly covered congenital defects, the AIDI applied only if infertility resulted "from an accident, illness or disease which occurs after the effective date of this endorsement." The Thorsons do not allege that Kimberlite Pipe's infertility resulted from any accident, illness or disease occurring after the effective date of the Renewal Policy (November, 2003). They allege only a congenital defect as the cause of infertility. This falls outside the scope of the plain language in the Renewal Policy's AIDI.

The Thorsons respond that Kimberlite Pipe's infertility did not occur until *after* the effective date of the Renewal Policy. The Thorsons claim that the AIDI "plainly states that coverage is provided if Kimberlite Pipe becomes 'infertile' after the inception of the Renewal Policy." But that is not what the AIDI says, plainly or otherwise. It states that the accident, illness or disease causing infertility must occur after the Renewal Policy takes effect, and the congenital defect was present long before the Renewal Policy's effective date. Infertility resulting from congenital defects is only covered under the SFSI in the Original Policy, which did not apply to the second season.

Because we find that the explicit terms of the Renewal Policy do not cover infertility caused by congenital defects, we do not address the district court's alternative grounds for its judgment, which relate to the Thorsons failure to timely notify Great

3

American upon first learning of Kimberlite Pipe's potential infertility.

We AFFIRM the district court's judgment.